**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUBEN D. CARLO, SR., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL KELLY, <br><br> Defendant. | Civil Action No. 25-946 (MAS) (TJB) <br><br> **OPINION** |

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiff Ruben D. Carlo's civil complaint (ECF No. 1) and application to proceed *in forma pauperis*. (ECF No. 1-1.) Having reviewed the application, this Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**I.    BACKGROUND**

    Plaintiff is a state pre-trial detainee currently confined in the Atlantic County Justice Facility. (ECF No. 1 at 2-3.) In his complaint, Plaintiff seeks to raise a conditions of confinement claim against the Warden of the jail, Michael Kelly, alleging that Kelly "allowed" the conditions Plaintiff faced. The alleged conditions include being housed as the third prisoner in a two-man

cell, being repeatedly served the same three meals, a lack of natural light, inefficient toilets, secondhand smoke despite the jail being a nonsmoking facility, and being forced to smell toilet contents that were slow to drain. (*Id.* at 5.) Plaintiff's complaint, however, alleges no facts suggesting that he ever brought these conditions to the attention of Defendant Kelly. Rather, the complaint only states that Plaintiff "sought out informal relief from [unspecified] supervising staff" to no avail. (*Id.*)

## II.    LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it

provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.  DISCUSSION

In his complaint, Plaintiff seeks to raise a federal civil rights claim against the warden of the jail in which he is housed based on allegedly unconstitutional conditions of confinement. As Plaintiff is a state pre-trial detainee, his claim arises under the Fourteenth Amendment. *See, e.g.*, *Hubbard v. Taylor*, 538 F.3d 229, 231 (3d Cir. 2008). Under the Fourteenth Amendment, a pre-trial detainee may not be subjected to conditions which would amount to improper punishment without a supporting conviction. *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 420, 535 (1979)). In determining whether a given set of circumstances amounts to improper punishment, a court must consider "whether any legitimate purposes are served by these conditions, and . . . whether these conditions are rationally related to these purposes." *Id.* at 232. Conditions that are rationally related to the state's interests in maintaining order and managing overcrowding will therefore generally not amount to punishment. *Id.* (detention including triple-celling with inmates spending "between three and seven months" on a mattress on the floor in light of overcrowding did not

3

violate the Fourteenth Amendment). Of the conditions Plaintiff lists, several are clearly rationally related to the jail's legitimate interests: triple booking clearly serves the interest of dealing with overcrowding, a lack of meal variety clearly does not qualify as punishment, and although Plaintiff states that he experiences second-hand smoke, he alleges the jail is smoking free. Thus, any second-hand smoke is not attributable to the jail which has already made rules to address the issue.

Even assuming that the remaining conditions—unsanitary and slow to drain toilets and being exposed to remaining sewage resulting in nose bleeds—could support a conditions of confinement claim, Plaintiff raises his claims against only one defendant, the Warden of the jail, from whom he seeks monetary compensation. A plaintiff in a civil rights matter may not rely on a *respondeat superior* theory of liability, and every named defendant can only be held liable where he is personally involved in the alleged wrong. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). A supervisor, such as a jail warden, may therefore only be held liable where he can be said to be personally involved in the alleged wrong – either where he was directly involved, had knowledge of and acquiesced in the alleged wrong, or put into place a policy, custom, or practice that was the moving force behind the alleged violation. *Chavarriaga*, 806 F.3d at 222; *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). Here, Plaintiff has not alleged any direct involvement in his conditions by Defendant. Plaintiff does not allege that he raised the alleged claims to the warden's attention. Instead, Plaintiff only alleges that he spoke with some unspecified supervisor in his unit, or that the warden is otherwise aware of the plumbing issues such that the warden can sufficiently be said to have either known of and acquiesced in the conditions or to have been personally involved in imposing them. In the absence of some personal involvement by the only named Defendant, Plaintiff's claims must be dismissed without prejudice at this time.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**; and Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. An order consistent with this Opinion will be entered.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**